(83 Misc. Rep. 136.)

### FERDINAND EHRLICH, Inc. v. LEVINE.

(Supreme Court, Appellate Term, First Department. December 16, 1913.)

1. CORPORATIONS (§ 519*)—ISSUANCE OF CHECKS—PRESUMPTIONS—EVIDENCE.

The presumption that a check signed by a corporation is issued in connection with its business and only to be used therefor may be overcome, except as against creditors, by proof of a course of conduct, between the corporation and its officer signing checks, showing an authorization by the corporation of the use of checks for the payment of the officer's personal debts. ·

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2085, 2088–2089, 2091, 2093; Dec. Dig. § 519.*]

2. EVIDENCE (§ 354*)—ISSUANCE OF CHECKS—CORPORATE BOOKS.

Where, in an action by a corporation for money had and received, based on the fact that defendant had received a check drawn in the name of the corporation, by its president, in payment of his individual debt due to defendant, it appeared that the president delivered the check to defendant without consulting any one, and that he had paid other personal obligations with similar checks and had a drawing account with the corporation for his personal expenses, the corporation books disclosing such a course of conduct as would show that the corporation authorized the use of its checks in payment of the president's individual debts, the same being charged on its books as advances to the president individually on his drawing account, was admissible, especially where the use of the corporate name was a mere cloak for the president's individual business.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1432–1483; Dec. Dig. § 354.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Ferdinand Ehrlich, Incorporated, against Joseph Maximilian Levine. From a judgment of the Municipal Court of the City of New York for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Milton J. Bach, of New York City, for appellant.
Solomon Levi, of New York City, for respondent.

GUY, J. This action was brought to recover for money had and received. The answer admits the receipt of a check drawn by plaintiff from one Ferdinand Ehrlich, and denies the material allegations of the complaint. Ehrlich, who handed defendant said check, verified the complaint as plaintiff's president.

The proof disclosed a family business incorporated by Ehrlich in

his name for $5,000; he holding 1 share of stock, and his wife and son-in-law the remaining 49 shares. Ehrlich, as president, conducted its business and had sole authority to sign all its checks. The other two stockholders, his wife and son-in-law, had no authority to do anything except vote on their stock, and took no part in the conduct of the business. Ehrlich received no salary. The corporation never declared any dividends. An involuntary bankruptcy proceeding was filed against Ehrlich and his then firm in 1910, and he and they have never been discharged in bankruptcy. The corporation was incorporated after the commencement of the bankruptcy proceedings.

Defendant admitted, for the purposes of the trial, that he received the $125 check, which was drawn by Ehrlich, as president of the corporation, to defendant for his services as an attorney to Ehrlich individually, and that he rendered no services to or for the corporation. Ehrlich testified that he signed the corporate check as president, and delivered it to the defendant, without consulting any one else, that he paid other personal obligations with similar checks, and that he had a drawing account with the corporation for his personal expenses. Defendant testified that he was employed by Ehrlich to collect $4,000 for a Mrs. Goldsmith, also to represent Ehrlich in certain dispossess proceedings brought against Ehrlich, and that the check in suit was delivered by Ehrlich to him as part payment for said services. Defendant undertook to prove, by entries in the books of the corporation, what items were charged to Ehrlich personally, with the purpose of proving authorization by the company of the use of its checks to pay Ehrlich's personal debts. This evidence was excluded, under defendant's exception.

[1] While a presumption arises that a check signed by a corporation is issued in connection with its business and only to be used therefor, this presumption may be overcome, except as against creditors, by proof of a course of conduct between the corporation and its president showing an authorization by the corporation of the use of its checks for payment of personal debts by its president. In Ward v. City Trust Co., 192 N. Y. 61, 70, 84 N. E. 585, 588, a creditor's action where the court held such a payment void as against creditors, it says:

"If, for instance, reasonable inquiry * * * had tended to show that the check really belonged to Umsted and Kiefer, and not to the Hartman Company, or that *Umsted* [the president of the company] *was authorized by the company to use it as he proposed,* * * * *such inquiry would have tended to rebut the presumption of illegal use.* * * * It is settled that, if no inquiry is in fact made to dispel the presumption, but reasonable inquiry would have led to the discovery of facts which would have dispelled it, the purchaser of the paper is entitled to the benefit thereof, the same as if he had learned them by proper investigation. Wilson v. Met. El. Ry. Co., 120 N. Y. 143, 145, 24 N. E. 384, 17 Am. St. Rep. 625."

[2] Evidence contained in the corporation books of such a course of conduct as would show that the corporation authorized the use of its checks in payment of Ehrlich's individual debts, the same being charged on its books as advances to Ehrlich individually on his drawing account, and evidence, possibly, of the entry on the corporation

books of this particular item, as a payment by the company to Ehrlich, was competent and relevant to the issues, particularly where the evidence points strongly to the use of a corporation name as a mere cloak for individual business enterprise. The exclusion of this testimony was therefore prejudicial error and calls for a reversal.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.