CLAUDE PHILLIPSON, Respondent, *v.* OLIVER NINNO, Appellant.

**Trial — action for false imprisonment and malicious prosecution — insufficiency of evidence to sustain action for false imprisonment — erroneous submission to jury on both theories.**

1. There is not sufficient evidence to sustain an alleged cause of action for false imprisonment based solely upon the alleged insufficiency of the information where it is entirely clear that said information alleges the commission of the crime of larceny by plaintiff.

2. Where a verdict is based upon two theories or causes of action, one of which should not have been submitted, the error can only be corrected by a new trial.

*Phillipson* v. *Ninno,* 190 App. Div. 967, reversed.

(Argued March 6, 1922; decided April 18, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered February 6, 1920, affirming a judgment in favor of plaintiff entered upon a verdict.

*Harry L. Allen* for appellant. It was error for the court to deny defendant's motion for a dismissal of the cause of action for false imprisonment, made at the close of plaintiff's case, and also at the close of the evidence. (*Swart* v. *Rickard,* 148 N. Y. 264; *Gardner* v. *Bain,* 5 Lans. 256; *Tobin* v. *Bell,* 73 App. Div. 41; *Gilbert* v. *Satterlee,* 43 Misc. Rep. 292.)

*Acton M. Hill* for respondent. It was not error for the court to deny defendant's motion to dismiss the cause of action for false imprisonment, made at the close of the plaintiff's case and at the close of all of the evidence, because the information upon which the plaintiff was arrested was insufficient in law to give to the Recorder's Court jurisdiction for the arrest and trial of the plaintiff. (*People* v. *Olmstead,* 74 Hun, 373; *People* v. *Nowak,* 7 N. Y. Cr. Rep. 69; *People ex rel. Farley* v. *Crane,* 94 App. Div. 400; *People ex rel. Livingston* v. *Wyatt,* 186

N. Y. 383; *Hewitt* v. *Newburger,* 141 N. Y. 538; *People ex rel. Perkins* v. *Moss,* 187 N. Y. 410; *Swart* v. *Rickard,* 148 N. Y. 264.)

HISCOCK, Ch. J. This action is based upon two alleged causes of action, one for false imprisonment and one for malicious prosecution. The circumstances which gave rise to the action were substantially as follows:

Plaintiff was a driver first in the employ of the defendant and his father and then of a corporation known as the Orleans Distributors, Incorporated, of which defendant was the manager. The business of each organization consisted in part in the transmission of packages received from merchants for delivery to customers. Part of these packages were of the character designated as C. O. D. and in that case it became the duty of the plaintiff either to deliver a package to the proper consignee upon receipt of a designated amount of money or failing that to return the package to the merchant. It was claimed by defendant that plaintiff had failed properly to account for various sums of money which had thus been collected by him upon the delivery of packages. This charge led to denials, controversies, attempts at settlement and finally to the arrest of plaintiff. This arrest was effectuated under a warrant issued on an information made by defendant and lodged with the Recorder's Court of the city of Hornell where the transactions occurred. Since the sufficiency of this information becomes a decisive test of plaintiff's right to recover upon one cause of action it is necessary to quote it at length.

It read as follows:

" RECORDER'S COURT — CITY OF HORNELL.

" STEUBEN COUNTY,

" CITY OF HORNELL. *ss.:*

" Oliver B. Ninno, being duly sworn says that he resides in the City of Hornell, said County, that on or about the month of April, day of . . . 1917, at the said

City of Hornell in said County personal property consisting of twenty-three dollars in money of the value of twenty-three dollars, the property of said ' The Orleans Distributors,' a corporation duly incorporated under the laws of the State of New York, and doing business at said City was feloniously, unlawfully and wilfully stolen, taken and carried away from the possession of the said ' The Orleans Distributors,' by one Claude Phillipson. And deponent charges the said larceny as a first offense.

" *Wherefore,* the deponent prays that a warrant may be issued and that the said Claude Phillipson be arrested and dealt with according to law.

                            " OLIVER V. NINNO.
" Taken, subscribed and sworn to
   before me this 8th day of August,
   1917.
         " FAY P. RATHBUN, *Recorder of*
              " *the City of Hornell, N. Y.*"

Plaintiff was taken into custody, thereafter tried and acquitted and then brought this action in which he recovered a small verdict based upon both causes of action.

We think that there was sufficient evidence to entitle plaintiff to go to the jury upon the cause of action for malicious prosecution but that there was no evidence to sustain the alleged cause of action for false imprisonment. This claim of false imprisonment is based solely upon the alleged insufficiency of the information and when we read the latter it seems to us entirely clear that it alleges the commission of the crime of larceny by plaintiff. (Penal Law, section 1290.) Defendant preserved his rights to a dismissal of this latter cause of action by appropriate motions at the close of the case and by exception to the refusal of the justice to grant such motion as he should have done.

Thereafter the justice submitted both alleged causes of action to the jury in a charge which. confused and misapprehended the characteristics respectively of an action for false imprisonment and for malicious prosecution and which, although holding that the information was sufficient, nevertheless permitted the jury to find a verdict for false imprisonment upon facts and for reasons which were entirely inapplicable. In finding a verdict for the plaintiff in response to this charge the jury distinctly and specifically stated that it was "for both causes of action."

We, therefore, have the not unfamiliar case of a verdict based upon two theories or causes of action, one of which should not have been submitted and it is a perfectly familiar rule that under such circumstances this court is compelled to assume that the verdict may have been based in whole or part upon an erroneous theory and that, therefore, the error can only be corrected by a new trial.

Looking at the subject in a practical way we may perhaps conjecture that this error in this particular case could not have much affected the amount of the verdict and that it may not be the part of practical wisdom to substitute for the small verdict which has been rendered the expenses and hazards of a new trial. Those considerations, however, are for the party and not for this court. The defendant presents for our review a trial which has been infected with serious and substantial error and he is entitled to receive the relief for which he asks in the form of a new trial under proper rules and instructions.

The judgments should be reversed and a new trial granted, with costs to abide event.

HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur; CRANE, J., votes to dismiss complaint on ground that evidence established probable cause as matter of law.

Judgments reversed, etc.