Theo Irene Tapley, Respondent, v. Ross Theatre Corporation, Appellant. Robert A. Tapley and Another, as Administrators, etc., of Helen E. Tapley, Deceased, Respondents, v. Ross Theatre Corporation, Appellant. Robert A. Tapley, Respondent, v. Ross Theatre Corporation, Appellant. Norman B. Tapley, an Infant, by Robert A. Tapley, His Guardian ad Litem, Respondent, v. Ross Theatre Corporation, Appellant. (Consolidated Actions.) — These four

actions were tried together. One was to recover damages for the death of plaintiffs' intestate. The others were to recover damages for personal injuries. The death and personal injuries occurred in a fire at a theatre owned and operated by defendant. Plaintiffs claimed defendant was negligent (1) in constructing and maintaining its electrical equipment, particularly a rheostat, the overheating of which caused the fire; (2) in failing to use reasonable care to safeguard its patrons, including plaintiffs, in the event of a fire, and in failing to take proper precautions to protect them after the discovery of the fire. The cases were submitted to the jury on both theories. There was no evidence to sustain the verdicts on the theory that defendant was negligent in constructing and maintaining the rheostat which, it was claimed, caused the fire. Therefore, as the verdicts were based upon two theories, one of which should not have been submitted, and the verdicts may have been based in whole or in part upon the first theory, the error can be corrected only by a new trial. (*Phillipson* v. *Ninno*, 233 N. Y. 223.) As there must be a new trial, it may be well to point out that the learned trial court correctly held, on the facts disclosed by this record, the doctrine of *res ipsa loquitur* did not apply. Judgment and order reversed on the law in each case, and a new trial granted, with costs to appellant to abide the event. Carswell, Scudder, Tompkins, Davis and Johnston, JJ., concur.