KENNETH CLARK, an Infant, by ALBERT CLARK, His Guardian ad Litem, et al., Appellants, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent, et al., Defendants.

Argued October 22, 1952; decided November 25, 1952.

*Benjamin Kopf* for appellants. I. Plaintiffs made out a prima facie case. (*Gardner* v. *State of New York*, 281 N. Y. 212.) II. The verdict may also be sustained on the theory of foreseeability. (*Jaked* v. *Board of Educ. of City of Albany*, 198 App. Div. 113; *Van Dyke* v. *City of Utica*, 203 App. Div. 26; *Herman* v. *Board of Educ., Town of Arcadia*, 234 N. Y. 196; *Rafsky* v. *City of New York*, 257 App. Div. 855.)

*Denis M. Hurley, Corporation Counsel* (*Seymour B. Quel* and *Edward J. McLaughlin* of counsel), for respondents. 1. Plaintiffs failed to establish any negligence by the board or its employees in exercising control and supervision over the infant plaintiff. The absence of a supervisor at the mat did not of itself constitute negligence, and was not the proximate cause of the accident, which was the result of the unforeseeable act of a fellow pupil. (*Graff* v. *Board of Educ. of City of N. Y.*, 258 App. Div. 813, 283 N. Y. 574; *Miller* v. *Board of Educ., Town of Albion*, 291 N. Y. 25; *Peterson* v. *City of New York*, 267 N. Y. 204; *Ginsberg* v. *Board of Educ. of City of N. Y.*, N. Y. L. J., Oct. 14, 1946, p. 870, col. 3, 272 App. Div. 774.) II. Taking the testimony in the aspect most favorable to plaintiffs, it is still true that the proximate cause of the alleged accident was the return somersault by Ronald Soviero across the mat which, under the circumstances, could not have been anticipated in the exercise of defendants' legal duty toward the infant plaintiff. (*Ohman* v. *Board of Educ. of City of N. Y.*, 300 N. Y. 306; *Wilber* v. *City of Binghamton*, 271 App. Div. 402, 296 N. Y. 950; *Maurer* v. *Board of Educ. of City of N. Y.*, 266 App. Div. 1012, 294 N. Y. 672; *Blume* v. *City of Newburgh*, 265 App. Div. 965, 291 N. Y. 739; *Clark* v. *City of Buffalo*, 288 N. Y. 62; *Berner* v. *Board of Educ., No. Tonawanda*, 286 N. Y. 174; *Cambareri* v. *Board of Educ. of City of Albany*, 246 App. Div. 127, 283 N. Y. 741; *Gardner* v. *State of New York*, 281 N. Y. 212.)

*Per Curiam.* The trial court submitted this case to the jury on two theories of negligence: (1) lack of supervision, and (2) lack of adequate instruction. Although the court was correct in its final conclusion that the case should not have been submitted to the jury on the first ground, it erred in dismissing the complaint, since there was evidence to support the verdict

on the second ground (see *Gardner* v. *State of New York,* 281 N. Y. 212). Accordingly, the judgment may not stand. Inasmuch as we cannot know on which ground the jury arrived at its verdict, there must be a new trial (*Phillipson* v. *Ninno,* 233 N. Y. 223, 225–226; *Elenkrieg* v. *Siebrecht,* 238 N. Y. 254, 263).

The judgments should therefore be reversed and a new trial granted, with costs to abide the event.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgments reversed, etc.