■ ROBERT SURESKY, an Infant by HAROLD SURESKY, His Guardian ad Litem, et al., Respondents, v. CITY OF MIDDLETOWN, Appellant.— In an action to recover damages for personal injuries and consequent medical expenses and loss of services, alleged to have been incurred by reason of the negligence of appellant in the construction and maintenance of a ladies' dressing room, adjacent to a swimming pool conducted by appellant, the appeal is from a judgment entered on a jury verdict in favor of respondents. Judgment reversed and a new trial granted, with costs to appellant to abide the event. Respondents alleged and attempted to prove on the trial that respondent Madelaine Suresky and her infant son, respondent Robert Suresky, were injured when she slipped on a white, slippery substance, on the floor of the ladies' dressing room, and fell. Negligence on the part of the appellant was alleged, not only with respect to the construction of the floor of the dressing room and the creation of the dangerous condition thereon, but also, because of the alleged failure of appellant to correct a dangerous condition, whether or not created by appellant, after notice of its existence. Subdivision A of section 30 of the Charter of the City of Middletown (L. 1902, ch. 572, as amd. by L. 1922, ch. 613) bars any action against appellant, based on the latter theory, unless written notice of such condition has been actually given to the Mayor or the Council, prior to the accident. There was no proof of any such written notice in this case, and evidence of constructive notice of the condition complained of, or of actual notice other than that required by the charter, was insufficient to sustain a recovery on the basis of any negligence of appellant, except that claimed with respect to its creation of the condition alleged to have caused the accident. Consequently, most of the evidence adduced on the issue of notice was immaterial, and needlessly confused the issues, it being unnecessary to prove any notice with respect to any condition which appellant had created. (Taylor v. City of Albany, 239 App. Div. 217, affd. 264 N. Y. 539.) Although there are indications in the record that the learned Trial Justice intended to submit to the jury only the issues based on the alleged creation of a dangerous condition by appellant, his charge did not so limit the issues to be considered, and we must assume that the verdict in favor of respondents is based, in whole or in part, on a finding with respect to an erroneous theory of negligence. (Cf. Phillipson v. Ninno, 233 N. Y. 223, 226.) A new trial is consequently required. Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.