■ Alfred M. Sampter, Appellant, v. Dilbert's Quality Supermarkets, Inc., Respondent.— Order setting aside verdict and directing a new trial unanimously affirmed, with costs to abide the event. The case was given to the jury upon two theories (1) express contract under which plaintiff could recover 5% of the net moneys accruing to the defendant from the underwriting and (2) *quantum meruit*. While there may be some evidence to support a finding that there was an agreement to pay the plaintiff 5% of a sum up to $500,000 there is insufficient evidence to support a finding that there was such an agreement with respect to the sum of money ultimately received by the defendant. It appears from the colloquy between court and jury that the verdict was based upon an express agreement, but there is a possibility that the jury arrived at its decision on the theory of *quantum meruit*. If the jury found an express

contract, the order setting aside the verdict must be affirmed for the reason above given. And, if there were sufficient evidence to support a finding on the theory of *quantum meruit,* it must likewise be set aside because there is no way of determining that the jury did arrive at its verdict on that theory (*Phillipson v. Ninno,* 233 N. Y. 223; *Clark* v. *Board of Educ. of City of New York,* 304 N. Y. 488). Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.