## (February 18, 1964)

■ LI-BET REALTY CORP. et al., Respondents, v. MARVIN I. WIENER, Appellant.— Judgment for plaintiffs unanimously reversed, on the law and the facts and a new trial granted, with costs to abide the event. The judgment is predicated upon a complaint charging that defendant received checks of the corporate plaintiffs for the payment of the personal debts of the president of the corporations. There is no question but that the face of the checks gave

notice to defendant that corporate funds were being used to pay the personal debt of their president. That placed upon defendant the duty to make inquiry to determine whether there was authorization for such use. As was said in *Ward* v. *City Trust Co.* (192 N. Y. 61, 72): "One who suspects, or ought to suspect, is bound to inquire, and the law presumes that he knows whatever proper inquiry would disclose". There was testimony that defendant did make inquiry and was advised that the president had authority to make these withdrawals. There was also proof as to the manner in which transactions were conducted by these corporations including the mingling of the president's funds with that of the corporations and the knowledge by the present 100% stockholder in the corporations of the extent of the president's activities. The jury's verdict herein could have been based either on insufficiency of the defendant's inquires as to the implied authority of the president to make the withdrawals or on the alleged insolvency of the two corporations. If on the former ground, there might be a question as to whether such a verdict would be contrary to the weight of the credible evidence; but we need not determine that question now. The trial court charged, over exception by defendant, that even if the jury found implied authority to issue the checks, the verdict must be for plaintiffs if the corporations were insolvent. The alleged insolvency of the corporations was not a proper issue in the case, unless the insolvency were known to or could have been discovered by reasonable inquiry by defendant. The action is not one brought under section 15 of the Stock Corporation Law since no illegal preference is claimed nor is this a case where the checks were drawn payable to an officer, director or stockholder of the corporations. Moreover, under section 15 there would have to be proof — lacking in the record — that the corporations, at the time of the issuance of the checks, had refused to pay their obligations. Insolvency in the sense of an excess of liabilities over assets, is not the criterion (see *Reif* v. *Equitable Life Assur. Soc.*, 268 N. Y. 269) and even in this sense there was no such proof as to plaintiff, Douglas Rose Properties. As to the other plaintiff, the claimed excess of liabilities resulted from considering an indebtedness to the president of the corporation, whose account was debited with the amount of one of the checks. The charge as to insolvency was therefore erroneous, and since it may have been the basis of the jury's verdict, and we cannot know on which ground the jury arrived at its verdict, there must be a new trial. (*Clark* v. *Board of Educ. of City of N. Y.*, 304 N. Y. 488; *Phillipson* v. *Nino*, 233 N. Y. 223; *Samter* v. *Dilbert's Quality Supermarkets*, 10 A D 2d 695.) Concur — Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ.