**GODDARD'S LTD., Plaintiff**

v.

**BANK OF NOVA SCOTIA, SIDNEY HAIM**
**and RANSOM HOUSE IMPORTERS, INC., Defendants**

Civil No. 56-1966

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 10, 1966

*See, also, 255 F.Supp. 58*

MAAS, IRELAND & BRUNO, Charlotte Amalie, Virgin Islands
(THOMAS D. IRELAND, of counsel), *for plaintiff*
BAILEY & WOOD, Charlotte Amalie, Virgin Islands
(WILLIAM W. BAILEY, of counsel), *for defendant*
GORDON, *District Judge*

### MEMORANDUM OPINION

Plaintiff filed its complaint. Defendants have filed their answer and counter-claim. Both plaintiff and defendants have moved for summary judgment, plaintiff on its complaint and defendants on their answer. Defendants also move for dismissal of the complaint for not stating a cause of action. Arguments were heard on May 2, 1966. The Court took the matter under advisement on that day.

## I

As to defendants' motion to dismiss the complaint for failure to state a cause of action, plaintiff in its complaint alleges an ultra vires personal loan made by a corporation officer assigning corporation receivables which were utilized to pay the debt. The allegations set forth do allege a cause of action. Plaintiff further alleges a contractual relationship with and a contractual duty of the defendant bank which duty it alleges the bank breached, damaging plaintiff. Those allegations do allege a cause of action for breach of contract. Plaintiff alleges the defendant, Ransom House, received the benefits of the ultra vires act which constitutes an allegation of a cause of action for unjust enrichment. Defendants' motion to dismiss will therefore be denied.

## II

■■■■ The Court will now consider plaintiff's motion for summary judgment on its complaint and defendants' motion for summary judgment on their answer. Whether defendant, Sidney Haim, did in fact have authorization to so pledge or assign the rentals and whether a balance of $12,600.00 is due are genuine material issues of fact raised by affidavit. The law is quite clear on the general rule that "Prima facie, an officer of a corporation has no authority to use its funds or securities to pay his private obligations or as collateral for his personal loans, and it is well settled that one who takes negotiable paper which appears to be, or which the taker knows to be, the property of a corporation, for the purpose of applying such paper to the personal use of one of the officers of such corporation, or of a third party, is bound to inquire as to the authority of the officer to make such use of the paper, and that if no inquiry is made, the taker is held as though he had knowledge of all that an inquiry would have revealed." 8 Am.Jur. § 413. See also Fehr v. Campbell 288 Pa. 549, 137 Atl. 113 and Calhour v. David Burk Co., Inc., 153 So. 568 and 19 CJS § 773 and cases cited therein. ". . . one who accepts the check of a corporation in payment of the personal obligation of an officer thereof is chargeable with notice of the account on which the check is drawn and of the officer's lack of implied or ostensible authority to draw or use it for his own benefit, and hence takes the risk of not being able to recover on the check . . . ." 19 CJS § 1005.

■■■■ There is an exception to the general rule. "Ordinarily, the rule stated, that an officer of a corporation does not have the power to use corporate property for his own personal benefit or do other ultra vires acts obtains. Where such acts are done with the consent of the directors, the stockholders may complain. Stockholders of a corporation may by their unanimous consent, either by direct act or

379

acquiescence, invest officers of the corporation with general corporate powers involving ultra vires acts and appropriation of corporate assets to noncorporate purposes, where, as here, rights of creditors and violations of law are not involved, so that all acts done within the scope of such powers are the acts of the corporation, binding upon it and the stockholders. Barrett v. Smith, 183 Minn. 431, 237 N.W. 15; Gross Iron Ore Co. v. Paulle, 132 Minn. 160, 156 N.W. 268; Stony Brook Lumber Co. v. Blackman, 286 Pa. 305, 133 A. 556; Jorndt v. Hub & Spoke Co., 112 Mo.App. 341, 87 S.W. 29; Napoleon Hill Cotton Co. v. Grocery Co., 204 Mo.App. 427, 222 S.W. 876; Hill Syrup Co. v. Frederick & Nelson, 133 Wash. 155, 233 P. 633; Sweet v. Lang (D.C.) 14 F.2d 758, affirmed (C.C.A. 8th) 14 F.2d 762; Little v. Garabrant, 90 Hun (N.Y.) 404, 35 N.Y.S. 689, affirmed 153 N.Y. 661, 48 N.E. 1105; Reif v. Equitable Life Assurance Society, 268 N.Y. 269, 197 N.E. 278, 100 A.L.R. 55; Ehrlich v. Levine, 83 Misc. 136, 144 N.Y.S. 818; Dome Realty Co. v. Gould, 285 Mass. 294, 189 N.E. 66; Watts v. Gordon, 127 Tenn. 96, 153 S.W. 483; American Bonding Co. v. Laigle S. & L. Co., 111 Ark. 151, 163 S.W. 167; 3 Fletcher, Cyc. Corporations §§ 1104, 1109." Lake Park Development Co. v. Paul Steenberg Construction Co. 276 N.W. 651 (1937). Even where as in the Lake Park Development Company case, supra, the plaintiff claimed no knowledge of the transaction sued upon the Court said, "It is urged that plaintiff had no knowledge of the transfers by Storr to defendant until after they had been made. This is not decisive. The transfers were within the authority conferred upon Storr. It is sufficient to show that the acts done were within the authority granted and it is not necessary to show such authority with respect to each irregular act." Lake Park Development Co. v. Paul Steenberg Construction Co., supra. See also 19 CJS § 1005 which says ". . . the only protection to the creditor accepting the funds or

property is that afforded by actual and valid authorization or ratification by the corporation of the officer's act. Except in the case of such authorization or ratification, the corporation has a cause of action against the creditor and may recover from him the funds or property which have been thus misapplied . . . ." Defendant, Sidney Haim, in his affidavit of April 20, 1966, states:

"5. That BEATRICE PIENING, one of the alleged owners of stock of the plaintiff, Goddard's Ltd., use funds of Goddard's, Ltd. without authorization to finance the operation of a business in which she had an interest known as the 'Pink Barrel'.

"6. That on more than one occasion of which deponent has personal knowledge, WILLIAM HAIM and BEATRICE PIENING, were the recipients of corporate funds for their own personal use at times when both held themselves out as officers, directors and/or stockholders of GODDARD'S LTD.

"7. That BEATRICE PIENING presently owes GODDARD'S LTD. the sum of ten thousand dollars ($10,000.00) representing corporate funds she diverted without authorization for her own benefit in the financing of the 'Pink Barrel' as aforesaid.

"8. That at the time the loan, which is the subject of this action, was made, CHARLES HAIM, was alive, in full control of the management of the corporation and in possession and ownership of all of the stock of GODDARD'S LTD.; that CHARLES HAIM knew of and approved of the said loan.

"9. That this procedure was perfectly consistent with the prior practice and custom of CHARLES HAIM as aforesaid;"

Whether what is referred to in the affidavit are arms-length loans from plaintiff or something less, the Court cannot ascertain from the wording. However, sufficient issue of fact is raised as to what, if any, similar previous conduct existed within plaintiff and was acquiesced to by the stockholders of plaintiff. This issue of fact plus the issues of whether the $2,500.00 paid by defendant, Sidney Haim, to the attorney for plaintiff was a partial satisfac-

tion and accord on this account and the issue of whether the $7,862.00 paid from defendant, Ransom House, to plaintiff was partial satisfaction and accord upon the debt in issue plus the issue of fact raised as to what exact balance is due, if any, are substantial genuine material issues of fact and therefore, both plaintiff's and defendants' motion for summary judgment are denied.

