(November 10, 2009)

FRANK MASEK, Respondent, v BARBARA WICHELMAN, Respondent, et al., Defendant. [890 NYS2d 470]—

Interlocutory judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered June 25, 2008, to the extent appealed from, dismissing with prejudice plaintiff's separately denominated claim for reimbursement of maintenance and other charges and costs, unanimously reversed, on the law, without costs, the claim for reimbursement of maintenance reinstated, and the matter remanded to Supreme Court for further proceedings consistent herewith.

This proceeding arises out of an action for judicial partition, pursuant to article 9 of the Real Property Actions and Proceedings Law, of two cooperative apartments located at 205 East 69th Street, New York County, owned by the individual parties as tenants in common. The plaintiff alleges that he made payments of the entire maintenance, carrying and other costs on the two apartments through his wholly owned corporation, and now seeks to recover one half of such payments from the defendant Barbara Wichelman. Wichelman disputes that she owes plaintiff any payment for maintenance costs because the payments for such costs were made by a corporate entity that was a nonparty to the proceeding.

The plaintiff and Wichelman own the proprietary lease and 74 shares of stock of cooperative apartment 3D, and the proprietary lease and 37 shares of cooperative apartment 3E, entitling them to a leasehold interest in the two units from May 11, 1998 to December 31, 2031. Defendant 205-69 Apartments, Inc. is the owner of the land and building.

It is also undisputed that the monthly maintenance charges for apartments 3D and 3E were paid up to the date of the nonjury trial, September 17, 2007. The record reflects that honored checks given in payment of the maintenance charges for the apartments were made payable to 205-69 Apartments, Inc., or its managing agent, drawn on the account of M&S Movers, Packers, Storage, Inc. (M&S Movers), and signed by the plaintiff. M&S Movers is a subchapter S corporation wholly owned by the plaintiff, and has been treated as such for approximately 25 years.

The trial court granted the partition and directed that shares of both apartments be sold and that the proceeds of the sale be divided equally between the plaintiff and Wichelman. The trial court dismissed plaintiff's second cause of action for reimbursement, on the grounds that "the only credible evidence of such payment[s] established that a non-party to this proceeding, namely M&S Packers, Inc., made the charges." The trial court stated it "would have awarded credit to plaintiff for one-half the carrying charges that plaintiff allegedly paid." However, the court held that because it was not plaintiff, but rather a nonparty corporate entity that made the payments, Wichelman was not liable for reimbursement to plaintiff.

For the reasons set forth below, we unanimously reverse. The trial court correctly hypothesized that it should award credit to the plaintiff for one half of the carrying charges that he allegedly paid. However, the court's holding that, since the payments were made through checks of M&S Movers, they were made by

a nonparty entity to the proceeding and thus would not be reimbursed to the plaintiff, was error. An "S" corporation does not pay taxes on a corporate entity level, but instead, requires each shareholder to report his proportionate share of the "S" corporation's income on his individual tax return (Internal Revenue Code [26 USC] § 1366). Both profits and losses of a corporate entity's income flow through to shareholders individually (Internal Revenue Code [26 USC] § 1367). At trial, the public accountant for both M&S Movers and the plaintiff, testified that checks of M&S Movers given in payment for the maintenance of units 3D and 3E were not reflected in the balance sheet of the "S" corporation. Moreover, the corporate tax return for M&S Movers did not reflect any deductions or write-offs taken for payments on the apartments. In fact, the payments to defendant 205-69 Apartments, Inc. were not aggregated expenses of the plaintiff's "S" corporation but instead treated as distributions to the plaintiff himself. Hence, any profits of the corporation used to pay the maintenance costs in question should have been considered profits, and thus property of the plaintiff.

When an individual is sole shareholder of a corporation, he or she is the equitable owner and, in the absence of an adverse effect upon the rights of creditors, may lawfully use the corporation's property in payment of or as security for his or her own personal debt, if so desired (*Pine v Hyed Realty Corp.*, 1 AD2d 952 [1956], *affg* 145 NYS2d 548 [1955]). Furthermore, a corporation may authorize its president to use corporate checks to pay personal debt (*see Reif v Equitable Life Assur. Socy.*, 268 NY 269, 276 [1935]; *John William Bldg. Corp. v Union Trust Co. of Rochester*, 256 App Div 885 [1939]; *Ehrlich, Inc. v Levine*, 83 Misc 136, 138 [1913]). Indeed, the plaintiff was free to choose to dispose of his profits as he determined, and had authority to use his "S" corporation checks in doing so. Accordingly, the payments were not made by a nonparty entity, but were in fact, made by the plaintiff as permissible distributions of his corporation (*see Degliuomini v Degliuomini*, 45 AD3d 626 [2007]). Thus, the plaintiff properly asserted a cause of action for reimbursement of the defendant's one-half share of the sums he expended. Concur—Gonzalez, P.J., Andrias, Catterson and Abdus-Salaam, JJ.