■ AGLOW STUDIOS, INC., Respondent, v KENT KARLSSON et al., Appellants, et al., Defendant. [921 NYS2d 266]—

In an action, inter alia, to recover damages for conversion, the defendants Kent Karlsson and Karlsson & Ng, P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Adler, J.), entered March 10, 2010, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, or alternatively, for leave to amend their answer.

Ordered that the order is reversed, on the law, with costs, that branch of the motion of the defendants Kent Karlsson and Karlsson & Ng, P.C., which was for summary judgment dismissing the complaint insofar as asserted against them is granted, and the motion is otherwise denied as academic.

In June 2006, nonparty Junia Hissa Neiva formed and incorporated the plaintiff, Aglow Studios, Inc. (hereinafter Aglow). During a period of time when Neiva was Aglow's sole officer, director, and shareholder, she paid some of her personal legal fees to the defendants Kent Karlsson and Karlsson & Ng, P.C. (hereinafter together the defendants) from Aglow's corporate account. In June 2009, another individual acquired 100% ownership of Aglow. Subsequently, Aglow commenced this action seeking, inter alia, to recover the payments made to the defendants from its corporate account based upon theories of conversion and money had and received. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them or for leave to amend their answer to assert the defense of ratification. The Supreme Court, inter alia, denied the motion. We reverse.

"When an individual is sole shareholder of a corporation, he or she is the equitable owner and, in the absence of an adverse effect upon the rights of creditors, may lawfully use the corporation's property in payment of or as security for his or her own personal debt, if so desired" (*Masek v Wichelman*, 67 AD3d 444, 446 [2009]; *see Reif v Equitable Life Assur. Socy.*, 268 NY 269, 273-275 [1935]; *Pine v Hyed Realty Corp.*, 145 NYS2d 548 [1955], *affd* 1 AD2d 952 [1956]; *Field v Lew*, 184 F Supp 23, 27 [1960], *affd sub nom. Field v Bankers Trust Co.*, 296 F2d 109 [1961], *cert denied* 369 US 859 [1962]). The defendants established their prima facie entitlement to judgment as a matter of law dismissing the conversion cause of action insofar as asserted against them. Contrary to the Supreme Court's deter-

mination, the defendants were not required to establish that they made a reasonable inquiry into whether Aglow had authorized the use of corporate funds to pay Neiva's legal fees; rather, the defendants were only required to demonstrate that such an inquiry would have revealed facts sufficient to persuade them that Neiva was authorized to use Aglow's corporate funds for her own benefit (*see Reif v Equitable Life Assur. Socy.*, 268 NY at 273; *Field v Lew*, 184 F Supp at 28). In this regard, the defendants established that an inquiry would have revealed that, during the time period that the payments were made to them, Neiva was Aglow's sole shareholder and officer and that the payments to the defendants would not have had an adverse effect upon Aglow's creditors (*see Reif v Equitable Assur. Socy.*, 268 NY at 275-277; *Li-Bet Realty Corp. v Wiener*, 20 AD2d 691, 692 [1964]). In opposition, Aglow failed to raise a triable issue of fact as to whether the payments to the defendants were authorized or as to whether the rights of its creditors were adversely affected by the payments to the defendants.

The defendants also established their prima facie entitlement to judgment as a matter of law dismissing the cause of action for money had and received insofar as asserted against them. The defendants established that the payments at issue were properly authorized by Aglow and that the payments were made for legal services actually provided to Neiva. In opposition, Aglow failed to raise a triable issue of fact regarding whether the defendants possessed money that in equity and good conscience they should not be permitted to retain (*see Parsa v State of New York*, 64 NY2d 143, 148 [1984]; *Matter of Witbeck*, 245 AD2d 848, 850 [1997]).

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them and should have otherwise denied the motion as academic.

Aglow's contention that the branch of the defendants' motion which was for summary judgment was premature is improperly raised for the first time on appeal, and thus is not properly before us (*see Burgos v Rateb*, 64 AD3d 530, 530 [2009]).

In light of our determination, the defendants' remaining contention has been rendered academic. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.