Johnson, Appellant, vs. City of Ripon and others, Respondents.

*March 8—April 3, 1951.*

For the appellant there were briefs by *Schmitt, Eckhardt & Gullickson* of Merrill, and oral argument by *L. F. Schmitt.* *John L. Nesbitt,* city attorney, for the respondents.

· BROADFOOT, J.   It has been determined in this state, in the case of *State ex rel. Wolf v. La Crosse L. H. Asso.* 181 Wis. 33, 193 N. W. 994, that the directors of a private hospital corporation have the power to exclude physicians from the privilege of practicing their profession in said hospital, and that the only right physicians have to practice therein is by contract.  Our attention has not been directed to any Wisconsin case dealing with the right of a physician and surgeon to practice in a public hospital.  The plaintiff has cited many cases from foreign jurisdictions and they have been carefully examined.  The rule as laid down in those cases is well summarized in 26 Am. Jur., Hospitals and Asylums, p. 592, sec. 9:

*"Regulations as to use or practice by physicians and surgeons.*—It seems to be the practically unanimous opinion that private hospitals have the right to exclude licensed physicians from the use of the hospital, and that such exclusion rests within the sound discretion of the managing authorities. This is not, however, the rule applied to public hospitals, since a regularly licensed physician and surgeon has a right to practice in the public hospitals of the state so long as he stays within the law and conforms to all reasonable rules and regulations of the institutions. . . ."

It is therefore necessary to determine whether or not sec. 6 of art. V of the by-laws duly enacted for the government and maintenance of said hospital is a reasonable regulation.  Neither this section nor any other section of said by-laws provides for any notice to the doctor of the nature of the charges against him nor for any notice of a date of hearing at which he may appear and defend himself as to the charges.  No notice was given to the plaintiff herein

prior to the adoption of the resolution suspending his right to practice his profession in said hospital. A regulation for the suspension of the right of a duly licensed physician and surgeon residing in the municipality owning, maintaining, and operating a public hospital is not reasonable unless provision is made for such notice and hearing. The trial held after the resolution of suspension is not a substitute for a hearing before the municipal hospital board. The resolution adopted on April 17, 1948, is therefore void and of no effect. The plaintiff being duly licensed and a resident of the city of Ripon is entitled to continue the practice of his profession in said hospital as he was prior to the adoption of said resolution.

*By the Court.*—Judgment reversed and cause remanded with the directions to enter judgment in favor of the plaintiff as prayed for in his complaint.