In the Matter of Harry L. Alpert, Appellant, against Board of Governors of the City Hospital of Fulton, Respondent.

Fourth Department, November 2, 1955.

*John H. Hughes* and *Raymond W. Hackbarth* for appellant.

*Homer T. Jennings* for respondent.

VAUGHAN, J. This is an article 78 proceeding to review and annul a determination of respondent, the board of governors of the city hospital of Fulton, New York. The determination effectively excludes petitioner, a duly licensed physician and surgeon, from the use of the facilities of the hospital. Special Term having denied the application on the papers, petitioner appeals.

The city hospital of Fulton is publicly owned, controlled and financed. By virtue of the city charter (L. 1908, ch. 358, as amd.), its affairs are managed by a board of sixteen governors, who are appointed by the Mayor for a term of five years and who take the constitutional oath of office. The charter (§ 189) confers upon the board "full power * * * to adopt * * * rules, regulations and by-laws for its own government and for the government, regulation and control of the hospital, its inmates and employees, the hospital buildings and the grounds and property appertaining thereto". Pursuant to the authority thus granted, respondent adopted certain rules and regulations, article VIII of which provides as follows: " Sec. 1. Patients may be treated only by physicians and surgeons who have submitted proper credentials to the Board of Governors. Such surgeon or physician must be a graduate of a recognized medical school, legally licensed to practice medicine in the State of New York and a member of the County Medical Society where he is located and practicing medicine. Sec. 2. Any physician or surgeon wilfully violating any rule or regulation of the hospital may be denied the use of the hospital."

The physicians privileged to attend patients in the hospital have organized themselves into a medical staff, which has also adopted by-laws, rules, and regulations, according to which the requirements for membership upon the staff are substantially the same as those previously quoted from the rules of the board

of governors. Appointments to the staff are made by the board of governors for a term of one year.

The petitioner was licensed to practice medicine in this State in 1938, and without question he fully satisfies the requirements stated in the rules and by-laws for membership on the staff and use of the facilities of the hospital. He was accepted for membership on the active staff in 1946, and continued as a member entitled to use the facilities of the hospital until February 1, 1955, when the determination now complained of became effective. That determination excludes petitioner from the hospital and in addition denies him reappointment to the medical staff. If his patients require hospitalization, they must retain another physician. Since the nearest other hospitals are considerably distant, petitioner alleges that his exclusion from the city hospital at Fulton will effectively destroy his practice and deprive him of the right to practice medicine in that area. He has had advanced training and experience in medicine and surgery, has developed a large practice, and has made a substantial investment in his office and facilities in Fulton. He alleges that the determination is arbitrary and without foundation in fact and that it deprives him of his property without due process of law. It appears that petitioner was granted neither notice nor hearing. Respondent made no findings of fact.

The answer of the board of governors alleges that the determination "was reached only after a careful and mature consideration of a multitude of condemning facts and circumstances which overwhelmingly justified" its action. What those "facts and circumstances" might be, we are not informed. An annexed affidavit avers that in the records of the hospital there is "considerable evidence of questionable management of medical cases" by petitioner, also "considerable evidence of wilful violations of the by-laws, rules and regulations" of the board of governors and medical staff. Such evidence was excluded from the return on the advice of respondent's counsel, who was granted permission by the Special Term to "file an amended answer alleging further facts" but elected to rest the "case on the original answer." This return does not satisfy section 1291 of the Civil Practice Act, which provides: "The answer must contain proper denials and statements of new matter, as in an action, and must set forth such facts as may be pertinent and material to show the grounds of the action taken by the respondent which is complained of * * *. The respondent shall also serve and submit with the answer affidavits, made by a person having knowledge of the facts, or other

written proof, showing such evidentiary facts as shall entitle him to a trial of any issue of fact." By interposing mere denials and withholding evidentiary facts, respondent has failed to raise an issue of fact, and this court " may dispose of the matter in the same manner as upon a motion for summary judgment under rule 113 of the Rules of Civil Practice " (*Matter of Rotkiewicz* v. *Department of Mental Hygiene,* 283 App. Div. 458, 461, affd. 307 N. Y. 847, and cases cited; Third Annual Report of N. Y. Judicial Council, 1937, pp. 186–188; Civ. Prac. Act, § 1295). We take it as established that the exclusion of petitioner from the hospital is arbitrary, capricious, and unreasonable. The only question is whether there is a remedy.

Respondent takes the position that it has an uncontrolled discretion in the management of the hospital and that no court can presume to review or correct its official acts. The contention that an administrative agency enjoys a discretion unhampered by review has been made many times, but never with much success where the matter in question was quasi-judicial in nature (see *Matter of Schwab* v. *McElligott,* 282 N. Y. 182, 186; *Matter of Hamilton* v. *Monaghan,* 285 App. Div. 692, 693). Judicial control of administrative conduct is often expressed by the requirement that it be reasonable (*People ex rel. Croft* v. *Manhattan Hosp.,* 5 App. Div. 249, 253). It has been held that a regularly licensed physician cannot be denied the use of a public hospital by the operation of unreasonable rules and regulations (*Findlay* v. *Board of Supervisors,* 72 Ariz. 58; *Johnson* v. *City of Ripon,* 259 Wis. 84). In the present case, the rules of the board of governors contain reasonable requirements for the right to treat patients in the hospital. Petitioner meets those requirements fully. Nevertheless, respondent has unreasonably and arbitrarily excluded him from the use of the hospital, relying upon the lack of any relevant express limitations upon its authority. We conclude that additional limitations are to be implied, partly because of the very nature of a public hospital, and partly to furnish constitutional protection to valuable interests.

It was stated in *People ex rel. Croft* v. *Manhattan Hosp.* (*supra,* p. 253) that rules and regulations must be " consonant with the purposes of the institution for which they are made." Certainly a rule or by-law excluding from the Fulton city hospital all patients over thirty years of age would be void; if approved, it would permit the board of governors in their sole discretion to convert the public hospital into a semiprivate one, in accordance with their own notions of what a hospital should

be. The board undoubtedly has some discretion in excluding patients, but all must be accepted who genuinely require hospitalization and for whose ailments the hospital possesses the required facilities. It may next be supposed, arguendo, that respondent determined to exclude all physicians but one, as occurred in *Findlay* v. *Board of Supervisors (supra)*. The city hospital at Fulton — publicly owned, controlled and financed — would then be, not a public hospital at all, but a private clinic limited to patients of one physician. Any patient might still be technically entitled to admission, but only for treatment by a physician in whom he might lack confidence and who would not be familiar with the case. If the right of the general public to use the hospital is to have any meaning, they must have the concurrent right to be treated by their own physicians, unless the latter are excluded for adequate cause. We believe that the nature of a public hospital imposes an actual, although implied, limitation upon the authority of respondent to restrict arbitrarily the use of the hospital by the public, whether physician or patient. On this record we must take it as a fact that the determination complained of was arbitrary and without cause. If the members of the board of governors desire such freedom of action, they should establish a private hospital.

In *Van Campen* v. *Olean Gen. Hosp.* (210 App. Div. 204, affd. 239 N. Y. 615), much relied upon by respondent, this court carefully distinguished between a private and a public hospital (see, also, *Henderson* v. *City of Knoxville,* 157 Tenn. 477, and *Johnson* v. *City of Ripon, supra*). The distinction is significant for two reasons: (1) the general public, not merely a particular class, is entitled to use a public hospital; (2) public or governmental action is limited by the constitutional requirement of due process of law.

In one sense, of course, there is no constitutional right to practice medicine in a public hospital (*Hayman* v. *Galveston,* 273 U. S. 414), any more than there is an absolute right to sell alcoholic beverages or to drive an automobile. Valuable privileges, however, are also entitled to the protection of law (*Matter of Hecht* v. *Monaghan,* 307 N. Y. 461; *Matter of Wignall* v. *Fletcher,* 303 N. Y. 435; *Matter of Elite Dairy Products* v. *Ten Eyck,* 271 N. Y. 488). Petitioner has enjoyed the use of the Fulton city hospital since 1946. On this record it appears that he is a capable and qualified surgeon who has developed a large practice representing a substantial investment. The determination complained of in effect deprives him of the right to practice medicine in the area of the city of Fulton, without notice of

charges and without hearing. In *Matter of Hecht v. Monaghan* (*supra,* p. 468) Judge Conway (now Chief Judge) stated: "Where the exercise of a statutory power adversely affects property rights — as it does in the present case — the courts have *implied* the requirement of notice and hearing, where the statute was silent [citing cases]." There was in this case a lack of procedural due process in arriving at the determination. We conclude that a qualified physician admitted to practice in a public hospital acquires a species of tenure and cannot be capriciously excluded and thereby injured financially and professionally, all without notice and an opportunity to be heard.

It follows that petitioner is entitled to use the facilities of the hospital in the treatment of his own patients. The petition also prays for an order that he be reinstated upon the active medical staff. The record contains no showing which would entitle him to such relief. The active staff consists of "those physicians who have been selected to regularly attend patients in the hospital and to whom all such patients shall be assigned." Respondent should have complete freedom of choice in such matters. Petitioner, although entitled to treat his own patients in the hospital, has no right to represent the hospital or to treat patients who have not engaged his services. Appointments to the medical staff are made by the board of governors for a term of one year. Respondent's failure to reappoint him to the staff gives rise to no legal remedy, nor is such reappointment necessary to assure him of the right to use the facilities of the hospital and to treat his own patients therein. That right is subject to no one-year limitation and continues so long as petitioner obeys all reasonable rules and regulations of the board of governors and gives no cause for his removal. This result at the same time controls arbitrary conduct by respondent in matters of public concern, yet gives a free hand to the board of governors with regard to the internal management and organization of the hospital.

The order appealed from should be reversed, the determination of the respondent board of governors should be annulled, and the petitioner's petition should be granted to the extent that petitioner is allowed to use the facilities of the city hospital of Fulton in the treatment of his own patients.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Order reversed, determination of the respondent board of governors annulled, and petition granted, in part, in accordance with the opinion, with costs to petitioner.