Per Curiam.

Consideration of the papers before us leaves no doubt as to the correctness of the decision, rendered below, granting summary judgment to the defendant dismissing the complaint and, in view of the comprehensive opinion at Special Term, we may be very brief.
The defendant hospital’s constitution and the by-laws of its medical board, when road in context, indisputably establish that the plaintiff, a surgeon, has no vested right to the use of the hospital’s facilities for the care and treatment of his private patients. More specifically, his successive annual appointments effected no contractual relationship with the defendant which prevented its board of trustees from terminating his member *209 ship on its medical staff. His exclusion from the staff and the “ off-service ” privileges, incident to staff membership, including the privileges to care for private patients in the hospital, rested entirely in the discretion of the board of trustees. As the court at Special Term aptly noted, the by-law provision granting such “ off-service ” privileges to doctors “ of the Hospital Staff ” “ cannot derogate from the right of the board of trustees to make annual appointments only, and * * * can refer only to those physicians and surgeons whom the board * " * determines annually to reappoint to the hospital’s medical staff ‘ off service ’ after they have reached the age limits ’ ’ provided for by the hospital’s constitution. Consequently, the denial to the plaintiff of future courtesy privileges following the termination of his annual employment constituted no legal wrong.
The judgment appealed from should be affirmed, with costs.