Wachtler, J. (dissenting).
I dissent. I find unacceptable the rule set down in the majority opinion—i.e., that the directors of a hospital or nursing home are free to exclude a physician as long as they acted in good faith in doing so and that the excluded physician is not entitled to a judicial determination of the validity of the grounds purportedly underlying his exclusion. Hence, under the majority’s view, the physician’s only hope lies in being able to establish bad faith on the hospital’s part. In my view, considering both the physician’s rights and the individual patient’s right to be treated by a doctor of his choosing, it should be presumed that the physician was acting in good faith in carrying out those functions which the State has licensed him to perform, and the directors of the hospital or nursing home should bear the burden of showing that the doctor has in some substantial manner acted in bad faith in the performance of his services. In addition, consistent with the statutory mandate, the doctor’s misfeasance must be related to patient care or welfare, institutional objectives, or the character or competency of the physician in order to justify barring him from practicing within the facility.
In the instant case, defendants, the owner-operators of a nursing home and health-related facility, revoked plaintiffs’ visiting physician privileges on February 4, 1975 after a series of conflicts between the parties dating back to early 1973. The plaintiffs in turn commenced this action to enjoin the defendants from barring them from visiting their patients in the *385 home. Although the defendants failed to state the reasons for their action at the time they revoked the plaintiffs’ privileges, those reasons, as outlined in the majority opinion, subsequently came to light in the course of their defense of this suit. After trial, the trial court sitting without a jury found that the defendants’ charges against the plaintiff physicians did not constitute reasonable grounds for excluding them from the facility and that defendants had acted arbitrarily and without just cause. These findings were affirmed by the Appellate Division.
It cannot be denied that under common law a privately funded hospital in its sole discretion could exclude any physician and its action in doing so was free of judicial review (Leider v Beth Israel Hosp. Assn., 11 NY2d 205; Van Campen v Olean Gen. Hosp., 210 App Div 204, affd 239 NY 615). By section 2801-b of the Public Health Law, however, the Legislature affected a change in the former rule, providing: "It shall be an improper practice for the governing body of a hospital to * * * exclude or expel a physician * * * from staff membership in a hospital or curtail, terminate or diminish in any way a physician’s * * * professional privileges in a hospital, without stating the reasons therefor, or if the reasons stated are unrelated to standards of patient care, patient welfare, the objectives of the institution or the character or competency of the applicant.” Section 2801-c confers jurisdiction upon the Supreme Court to enjoin "violations or threatened violations” of article 28 of the Public Health Law (see Matter of Fritz v Huntington Hosp., 39 NY2d 339, 345-346, holding that the aggrieved physician has standing to seek injunctive relief under 2801-c).
Today the majority has ruled that these statutes merely require that the directors of the hospital or nursing home acted "in good faith and on objectively reasonable grounds” and that the court, although specifically empowered to act by the Legislature, cannot look behind the charges to determine if there is any basis in fact for them. In addition the majority has held that the Public Health Council, empowered to investigate complaints under section 2801-b (Public Health Law, § 2801-b, subd 2), also is powerless to look to the substance of the reasons for excluding the physician other than to determine if they are related to the standards of patient welfare or care and the objectives of the institution. In essence the plaintiffs have been prevented from attending to the needs of *386 their patients—and the patients deprived of their right to be treated by the physician of their choice—while at the same time these doctors have been foreclosed the opportunity to test the underlying validity of the hospital’s allegations. Such a result is at variance with both the public policy embodied in the statute and the spirit of our holding in Matter of Fritz v Huntington Hosp. (39 NY2d 339, supra).
Section 2801-b alters the common-law rule and provides physicians with a modicum of due process. In Matter of Fritz we construed the statute and held that a court would be warranted in intervening in the hospital’s decision to exclude a physician where the hospital has acted "without proper foundation and without proper reason” (Matter of Fritz v Huntington Hosp., supra, at p 348). Implicit in our holding is the power of the intervening court to look to the substance of the reasons put forward by the hospital and to determine if these reasons warrant the denial of the physician’s privileges. In this case the trial court did exactly that and found the defendants’ action was without just cause, and this finding was affirmed on appeal. I cannot accede to the view that the defendants should be allowed to exclude these plaintiffs, without just cause, on the ground that they had acted in good faith.
Accordingly, the order of the Appellate Division should be affirmed.
Judges Jasen, Jones, Fuchsberg and Cooke concur with Chief Judge Breitel; Judge Wachtler dissents and votes to affirm in a separate opinion in which Judge Gabrielli concurs.
Order reversed, etc.