RENDERED: JULY 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0563-MR

KIMBERLY DERAMOS                                               APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE AUDRA J. ECKERLE, JUDGE
ACTION NO. 22-CI-000008

ANDERSON COMMUNITIES, INC.                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND McNEILL, JUDGES.

CALDWELL, JUDGE: Kimberly Deramos ("Deramos") appeals the Jefferson Circuit Court's order granting dismissal of a lawsuit she filed against Anderson Communities, Inc. ("Anderson Communities"). We affirm.

## FACTS

In January of 2021, Deramos was living in a Louisville apartment complex owned and managed by Anderson Communities. One evening, as she was entering her building with her dog, both she and her dog were attacked by

another dog apparently belonging to a neighboring tenant. Sadly, Deramos' dog, Princess, did not survive the attack and Deramos sustained injuries.

According to the rules of the apartment complex, certain breeds of dogs and species of animals were not allowed as pets. Deramos alleged that the dog which attacked her and killed Princess was a pit bull, which is one of the restricted breeds. Deramos filed a complaint against Anderson Communities, alleging that it was negligent in "maintaining a safe environment for tenants" and was "otherwise negligent." She sought damages for past and future medical expenses, pain and suffering, and compensation for the loss of Princess.

Anderson Communities answered and denied liability and sought judgment on the pleadings pursuant to Kentucky Rule of Civil Procedure ("CR") 12. After each side filed memorandums concerning the motion to dismiss, the judge entered an order dismissing the matter, finding that Anderson Communities could not be considered an "owner" under the statute defining that term Kentucky Revised Statute ("KRS") 258.095(5), and therefore Deramos could not recover against Anderson Communities. We affirm that order.

**STANDARD OF REVIEW**

The standard of review of a trial court's determination of a CR 12.02 motion for failure to state a claim upon which relief can be granted is *de novo*.

> "It is well settled in this jurisdiction when considering a
> motion to dismiss under [CR] 12.02, that the pleadings

should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." *Mims v. Western-Southern Agency, Inc.*, 226 S.W.3d 833, 835 (Ky. App. 2007) (citing *Gall v. Scroggy*, 725 S.W.2d 867, 869 (Ky. App. 1987)). "Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo*." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citing *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009)).

*Littleton v. Plybon*, 395 S.W.3d 505, 507 (Ky. App. 2012) (footnote omitted).

## ANALYSIS

Preliminarily, Deramos complains that the trial court granted Anderson Communities' dispositive motion before the discovery process had been initiated. Deramos cites to *Russell v. Johnson & Johnson, Inc.* as being supportive of its position that it was improper to grant dismissal for failure to state a claim upon which relief could be granted pursuant to CR 12.02(f). 610 S.W.3d 233, 240 (Ky. 2020). However, *Russell* concerned a motion for judgment on the pleadings pursuant to CR 12.03, not a motion for dismissal for failure to state a claim under CR 12.02(f). Here, because the only pleadings filed in the trial court were the complaint and the answer, the motion for judgment on the pleadings filed by Anderson Communities, and the response to that motion by Deramos, summary judgment is not appropriate.

-3-

> In fact, and despite its characterization, the trial court rendered a summary judgment pursuant to CR 12.03 and CR 56. Contrary to the view of some, our decision in *Steelvest, Inc. v. Scansteel Service Ctr.*, Ky., 807 S.W.2d 476 (1991), does not preclude summary judgment. Provided litigants are given an opportunity to present evidence which reveals the existence of disputed material facts, and upon the trial court's determination that there are no such disputed facts, summary judgment is appropriate.

*Hoke v. Cullinan*, 914 S.W.2d 335, 337 (Ky. 1995).

When there is a presentation of some evidence, then summary judgment pursuant to CR 12.03 or CR 56 is appropriate; but here, where only the pleadings are before the court, such is properly considered a CR 12.02(f) motion for failure to state a claim.

Motions to dismiss for failure to state a claim do not require that the party opposing the motion be granted an opportunity for discovery. CR 12.02(f) allows a party to "expediently terminate litigation" without discovery upon a showing that the "plaintiff would not be entitled to relief under any statement of facts which could be proved in support of the claim." *Seiller Waterman, LLC v. RLB Properties, Ltd.*, 610 S.W.3d 188, 195 (Ky. 2020) (citing *Burkhart v. Community Med. Ctr.*, 432 S.W.2d 433 (Ky. 1968)). Without discovery, a circuit court must determine only "if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?" *James v. Wilson*, 95 S.W.3d 875, 884 (Ky. App. 2002).

Turning to the trial court's determination that Anderson Communities could not be considered a "dog owner" under KRS 258.235(4) and KRS 258.095(5), we agree with the trial court. Strict liability for any injuries caused by a dog is imputed to the "owner" of the dog via KRS 258.235(4): "Any owner whose dog is found to have caused damage to a person, livestock, or other property shall be responsible for that damage." The term "owner" is defined in KRS 258.095(5):

> (5) "Owner," when applied to the proprietorship of a dog, includes:
>
>> (a) Every person having a right of property in the dog; and
>>
>> (b) Every person who:
>>
>>> 1. Keeps or harbors the dog;
>>>
>>> 2. Has the dog in his or her care;
>>>
>>> 3. Permits the dog to remain on or about premises owned and occupied by him or her; or
>>>
>>> 4. Permits the dog to remain on or about premises leased and occupied by him or her[.]

The basis for Anderson Communities' motion to dismiss for failure to state a claim was that it could not be considered an owner under the statute. Their argument forwarded that a change in the definition of "owner" passed by the

General Assembly in 2017 definitively excluded them from being considered an owner. Deramos cites to *Benningfield ex rel Benningfield v. Zinsmeister*, 367 S.W.3d 561 (Ky. 2012), as supportive of her position that landlords can be held liable for the actions of their tenant's dogs. However, and Deramos fails to point out, that case was decided before the General Assembly acted to change the definition of "owner" as described above.[1]

Before the statutory change, the third definition of owner in KRS 258.095(5) read "permits [the dog] to remain on or about premises owned ***or*** occupied by him [or her.]" (Emphasis added.) However, the General Assembly changed that definition to read "permits the dog to remain on or about premises owned ***and*** occupied by him or her." Thus, under the statute, an owner under this definition would have to be both the owner of the property *and* a resident thereof. As the trial court pointed out in its order, the likely reason for this change could be that a resident landlord would have occasion to be aware of a dog being upon the property and would have acquiesced to its presence by not having the dog removed from the premises.

---

[1] "It has no ambiguity and plainly states that a person who permits a dog to remain on premises he owns shall be deemed an *owner* for purposes of the dog-bite liability statute. This can include a landlord." 367 S.W.3d at 567.

In responding to the motion to dismiss and arguing it constitutes evidence of negligence by Anderson Communities, Deramos provided an affidavit and attached to it a document listing "prohibited breeds" which she alleged had been provided by Anderson Communities to her when she signed a "Pet Addendum" to her lease agreement. She alleged that the dog which attacked she herself and Princess was a "pit bull" and that breed is listed on the list as a breed which Anderson Communities does not allow on the property and that Anderson Communities was clearly negligent in failing to enforce its own policy. This, as noted by the trial court, indicates that Anderson Communities did not allow dangerous dogs on the property.

However, Deramos provided no allegation that Anderson Communities knew that the pit bull (if the dog was, in fact, such breed) was residing on the property, if it even was so residing rather than visiting. Even had Deramos alleged that Anderson Communities was aware of the pit bull's residence in the building, the definition of "owner" makes it clear that Anderson Communities would not be subjected to strict liability for the bite of a dog residing on the property against their rules.

# CONCLUSION

We agree with the trial court that judgment on the pleadings was proper as under no theory could Anderson Communities be found to be an owner and thus liable for the actions of the dog of a tenant.

ALL CONCUR.


BRIEF FOR APPELLANT:

Grover S. Cox
Louisville, Kentucky

BRIEF FOR APPELLEE:

J. Michael Wells
Louisville, Kentucky